*202 OPINION of the Court, by
Judge Owsley.
This writ of error is prosecuted to reverse a judgment of the *203 Nelson circuit court, awarded against Barnett, who was plaintiff in that court. The declaration alleges the plaintiff and Abraham Henderson, on the first day of March 1786, by a certain writing signed by them and to the court shewn, promised they or either of them would pay Hesper Mensher a likely negro man, between 15 and 25 years of age, without blemish, at or upon the first day of March 1787 ; and that the defendants, on the 21st of March 1787, by their writing obligatory, sealed with their seals, 85c. covenanted that they would pay the said Mensher a negro, agreeable to the contract between said Barnett and Mensher, to wit, the contract first aforesaid, by the first day of October then next ensuing ; and alleges for breach the failure of the defendants to pay the negro, &c. The defendants pleaded covenants performed, whereupon issue was joined. Ort the trial the plaintiff offered in evidence a writing to prove the promise of Barnett and Henderson alleged in the declaration, but failing to prove its execution the court rejected the writing. The court then, on the motion of the defendant, instructed the jury that the plaintiff having failed to support his case, they should find as in case of a nonsuit. Whether this instruction was correct, is the main point in this cause.
Whether the court erred in rejecting the writing as evidence, is unimportant in this cause, as it is clear under the pleadings as made up the production of the writing or proof of its execution was unnecessary. The, only fact in issue is whether the defendant had perform- - ed his covenant ? On the trial of such an issue, the onus probandi lies upon the defendant; and without the production of any evidence by the plaintiff, a verdict should be found for him. Such a plea admits the defendant made the covenant alleged in the declaration, and the only inquiry for the jury op the trial of the issue, is whether the covenant has been performed ? And, if not, the quantum of damages sustained ? The reeprd in this cause exhibits so evidence of a performance o| the covenant by the defendant; the court, ‘therefore, evidently erred in instructing the jury to find a? in case of a nonsuit.
The judgment of the court must be reversed wijh costs, and the cause remanded for a new trial to be had 0⅛ the issue joined. ,